JAMES P. KRAUZLIS, ESQ.
BADIAK & WILL, LLP
106 3rd Street
Mineola, New York 11501
Our file: 07-J-006-JK

08 CV 6605

JUDGE McMAHON

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

LIBERTY MUTUAL INSURANCE COMPANY a/s/o
Arthur Schuman, Inc.,

                                         Plaintiff,

               - against -

ALITALIA CARGO AIRLINES,

                                        Defendant.

-----------------------------------------------------------------x

ECF CASE



RECEIVED JUL 25 2008 U.S.D.C. S.D.N.Y. CASHIERS

08 Civ.

**COMPLAINT**

        Plaintiff, LIBERTY MUTUAL INSURANCE COMPANY a/s/o Arthur Schuman, Inc., by its attorneys, Badiak & Will, LLP, as and for its Complaint herein against the defendant, alleges upon information and belief as follows:

        1.     All and singular the following premises are true and constitutes claims involving the international transportation as defined in the Convention for the Unification of Certain Rules Relating to International Transportation by Air ("WARSAW Convention") and, as such, arises under a treaty of the United States and this Court has jurisdiction pursuant to 28 U.S.C. §1331 and/or involves a claim affecting Interstate Commerce within the meaning of 28 U.S.C. §1337 and/or arising under this Court's ancillary and/or pendent jurisdiction.

        2.     Plaintiff, LIBERTY MUTUAL INSURANCE COMPANY (hereinafter referred to as "Liberty"), is and was at all times hereinafter mentioned a corporation organized and

existing under and by virtue of the laws of the State of Massachusetts and provided all-risk cargo insurance for the subject shipments hereinafter described, and maintained an office and place of business at 55 Water Street, New York, New York, 10041.

3. Plaintiff Liberty has paid the consignee and owner of the shipment mentioned hereinafter pursuant to a marine cargo insurance policy herein before described and brings this action on its own behalf and as agent and trustee on behalf of and for the interest of all parties who may be or become interested in the said shipment, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action. The shipper and consignee hereinafter mentioned have performed all conditions required on their part to be performed with respect to the subject shipment.

4. Defendant, ALITALIA CARGO AIRLINES, (hereinafter "Alitalia") is and was a foreign corporation organized and existing under and by virtue of the laws a foreign state with an office and place of business at NCA - Building 79 North Boundary Road John F. Kennedy Intl. Airport Jamaica, NY 11430, and is and was at all times hereinafter mentioned engaged in business as an international air common carrier of goods for hire.

5. On or before July 25, 2006, at Rome, Italy, Fattorie Garofalo Soc. Coop. Agricola, as shipper, delivered or caused to be delivered to defendant Alitalia, as an international air carrier, a shipment consisting of one thousand, one hundred and fifty three (1,153) caes of fresh Italian Mozzarella Cheese for carriage from Rome, Italy, to Newark International Airport to be thereupon delivered to Arthur Schuman, Inc., the owner of the goods and plaintiff's assured, all

- 2 -

pursuant to an airway bill issued by defendant Alitalia numbered 055-3569-6183, dated July 25, 2006.

6. The shipment, when delivered to and received by defendant Alitalia, was in good order and condition.

7. Thereafter, Defendant Alitalia failed to deliver the shipment to the plaintiff's assured, Arthur Schuman, Inc., in the same good order and condition as when shipped, delivered to and received by defendant Alitalia, said shipment having been delivered with pilferage, shortage and impaired in value.

8. As a proximate result of defendant Alitalia's breach of its obligations as an international air common carrier with respect to the subject shipment as aforesaid, plaintiff's assured has been damaged in the amount of $51,914.50.

9. Plaintiff's assured has performed all of the conditions required on their part to be performed pursuant to the terms and conditions of the aforesaid contract of air carriage, including a timely written notice of claim.

10. Accordingly, plaintiff Liberty is entitled to bring this action as subrogee and is entitled to maintain an action against the defendant Alitalia for the losses sustained to the subject shipment.

11. Plaintiff has been damaged in the amount of $51,914.50 which amount, although duly demanded, has not been paid by defendant Alitalia.

WHEREFORE, plaintiff prays:

(a) That process in due form of lay may issue against defendant citing it to appear and answer all and singular the matters aforesaid;

(b) That if defendant cannot be found within this District, then all of their property within this District be attached in the sum of $51,914.50, with interest thereon and costs, the sum sued for in this Complaint;

(c) That judgment be entered in favor of plaintiff, LIBERTY MUTUAL INSURANCE COMPANY, and against defendant ALITALIA CARGO AIRLINES, in the amount of $51,914.50, with interest and the costs and disbursements of this action; and

(d) That this Court grant to plaintiff such other and further relief as may be just and proper.

Dated: Mineola, New York
      July 23, 2008

                              BADIAK & WILL, LLP
                              Attorneys for Plaintiff
                              LIBERTY MUTUAL INSURANCE COMPANY

BY:_____
           James P. Krauzlis (JK-4972)